IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY JEANETTE 'GENI' HEFNER,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-276 |
| | § | |
| **SETERUS, INC.,** | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Seterus, Inc. ("Seterus" or "Defendant"), hereby files this Notice of Removal pursuant to 28 U.S.C. Sections 1332, 1348, 1441, and 1446. In support of this Notice, Defendant states as follows:

### SUMMARY

1. Plaintiff filed this action on December 5, 2014, in the 152nd Judicial District Court for Harris County, Texas, Cause No. 2013-73252 in the matter styled *Mary Jeanette 'Geni' Hefner vs. Seterus, Inc.* (the "State Court Action"). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Southern District of Texas, Houston Division, the Judicial District and Division in which this action is pending.

2. The allegations in *Plaintiff's Original Petition* (the "Petition") relate to the servicing and foreclosure of proceedings of Plaintiff`s loan secured by her residence, located at 12203 Plumbrook Drive, Houston, Texas 77099 (the "Property"). (*See Pl's Orig. Pet.* at IV.) Plaintiff alleges that Defendant wrongfully placed an escrow account on her mortgage after paying her property taxes despite the fact that she has a deferral agreement with the taxing entity. (*See Pl's Orig. Pet.* at p. 2). Plaintiff further alleges that Defendant's calls to her concerning the debt amount to harassment. (*Id.*) For these alleged wrongs, Plaintiff alleges a single cause of

action under Section 392.032 of the Texas Finance Code.  (*See Id.*)  Plaintiff seeks damages in the form of pre-judgment interest, post-judgment interest, punitive damages, attorney's fees, and cost of court.  (*See Id.* at prayer)

3. Attached hereto as Exhibit A is a copy of the Docket Sheet from the State Court Action, and true and correct copies of all pleadings filed in the State Court Action are attached within the contents of Exhibit B.

4. This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b), as it is being filed within thirty (30) days after Seterus was first served in this action.  28 U.S.C. § 1446(b)(2).

## FIRST BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.     There is complete diversity.**

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys` fees.

6. Plaintiff is a citizen of the State of Texas.  (*See Pl's Orig. Pet.* at IV.)

7. Seterus is a Delaware corporation with its principal place of business in North Carolina, making it a citizen of Delaware and North Carolina for diversity purposes.

8. Because there is diversity of citizenship between Plaintiff and Defendant, this Court has subject matter jurisdiction over this action.

**B.     The amount in controversy exceeds $75,000.00.**

9. The amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff seeks *inter alia* pre-judgment interest, post-judgment interest, punitive damages, and seeks to recover her attorney's fees and cost of court.  (*See Pl's Orig. Pet.* at Prayer.)

**1. Plaintiff's request for damages exceeds $75,000.00.**

10.     It is well established Fifth Circuit precedent that when a plaintiff's complaint does not allege a specific amount of damages, and removal is based on diversity of citizenship, the removing defendant need simply prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1226, 1335 (5th Cir. 1995).

11.     Jurisdiction is proper if "it is facially apparent" from the complaint that the "claims are likely above [$75,000.00]." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citations omitted). When a complaint does not expressly demand an amount in excess of $75,000.00, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.; see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

12.     In this action, Plaintiff specifically pleads that she seeks damages in an amount less than $75,000.00. (*Pl's Orig. Pet.* at III.)   However, when a plaintiff specifically alleges damages are less than the jurisdictional amount, "a defendant can show that the amount in controversy actually exceeds the jurisdictional amount" and "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404 at 1411 (5th Cir. Tex. 1995).

13.     Here, Plaintiff requests damages in the form of pre-judgment interest, post-judgment interest, and punitive damages. (*Pl's Orig. Pet.* at Prayer.) Although Plaintiff pleads that she seeks damages less than $75,000.00, she does not limit her stipulation to include all forms of relief sought. (*See Pl's Orig. Pet.* at I.)   Therefore, taking Plaintiff's request for actual

damages of $75,000.00 or less, in addition to her request for punitive damages and attorneys' fees, it is clear that her request for damages exceeds the amount in controversy.

### 2. Punitive damages are included in the amount in controversy.

14. In addition to any actual damages, Plaintiff seeks punitive damages. (*Pl's Orig. Pet.* at Prayer.) For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in Texas relating to loan disputes have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See, e.g.*, *Garcia v. W.M.C. Mortgage Co.*, No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000.00 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson*, No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan). For this reason alone, the amount in controversy exceeds $75,000.00.

### 3. Attorneys' fees are included in the amount in controversy.

15. Plaintiff also requests attorneys' fees, which are properly considered in determining the amount in controversy. (*Pl's Orig. Pet.* at Prayer.) *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect). Similar cases have awarded attorneys' fees exceeding the jurisdictional

minimum.  *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to Plaintiff' home mortgage loan).  For this reason alone, it is facially apparent from the Petition that Plaintiff's claims exceed the jurisdictional threshold.

## CONCLUSION

16.     Defendant categorically denies that Plaintiff is entitled to an award of damages in any amount, but for the reasons stated above, there can be no dispute that the preponderance of evidence demonstrates that Plaintiff seeks damages in excess of the minimum amount in controversy.  Taking Plaintiff's request for actual damages of $75,000.00 or less, in addition to her request for punitive damages, and attorneys' fees, there can be no viable dispute that the amount in controversy requirement has been met.

## VENUE

17.     Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 152nd Judicial District Court of Harris County, Texas, the forum in which the removed action was pending.

## NOTICE

18.     Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 152nd Judicial District Court of Harris County, Texas.

        Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
       **MARK D. CRONENWETT**
       Texas Bar No. 00787303
       Southern District Bar No. 00787303
       mcronenwett@mwzmlaw.com

       **PHILIP W. DANAHER**
       Texas Bar No. 24078395
       Southern District Bar No. 2023903
       pdanaher@mwzmlaw.com

       **MACKIE WOLF ZIENTZ & MANN, P. C.**
       14160 North Dallas Parkway, Suite 900
       Dallas, TX 75254
       Telephone: (214) 635-2650
       Facsimile: (214) 635-2686

       **ATTORNEYS FOR DEFENDANT**

## LIST OF ALL KNOWN COUNSEL OF RECORD

For Plaintiff

Marilyn O. Griffin
Texas Bar No. 08473290
Michael J. Griffin
Texas Bar No. 08463020
Griffin & Griffin
1314 Texas Avenue, Suite 1305
Houston, Texas 77002
713-228-6568
713-228-9900 (Fax)


For Defendant

Mark D. Cronenwett
Texas Bar No. 00787303
Philip W. Danaher
Texas Bar No. 24078395
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A        Copy of the Docket Sheet for Cause No. 2013-73252 in the 152nd Judicial District Court of Harris County, Texas;

Exhibit B        Pleadings in Cause No. 2013-73252 in the 152nd Judicial District Court of Harris County, Texas; and

    B-1        Plaintiff's Original Petition, filed December 5, 2013.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 5th day of February, 2014, a true and correct copy of the foregoing document was delivered via regular U.S. mail to the counsel of record listed below:

Marilyn O. Griffin
Michael J. Griffin
Griffin & Griffin
1314 Texas Avenue, Suite 1305
Houston, Texas 77002

                                                  */s/ Mark D. Cronenwett*
                                                  **MARK D. CRONENWETT**